# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

TOMMY JACKSON                                                                              PLAINTIFF

v.                                                                                    No. 4:07CV144-P-A

CHRISTOPHER EPPS, ET AL.                                                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tommy Jackson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the plaintiff's claims against defendants Christopher Epps, Emmitt Sparkman, and Pamela Robinson shall be dismissed for failure to state a claim upon which relief could be granted. A separate process and scheduling order shall be entered.

### Factual Allegations

First, the court notes that the plaintiff filed a nearly identical suit in this court, *Jackson v. Epps*, et al., 4:06CV82-D-A, which was dismissed without prejudice because the plaintiff failed to submit a witness and exhibit list to the court as directed. Rather that seeking to reinstate the previous case, the plaintiff filed the instant suit, alleging precisely the same facts as before, but adding Pamela Robinson, Director of Offender Services, as a defendant. Defendants Christopher Epps and Emmitt Sparkman were dismissed from the previous suit because they had no direct involvement in the attack the plaintiff describes in his complaint. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). These defendants shall likewise be dismissed from the present suit. The plaintiff also lists Pamela Robinson, Director of Offender

Services, as a defendant in this case; however, the plaintiff does not mention in his recitation of the facts of this case what actions Ms. Robinson took that would give rise to liability under 42 U.S.C. § 1983. As the plaintiff has not alleged (either in his previous case or the present one) that defendant Robinson was directly involved in the attack, the plaintiff's claims against Ms. Robinson shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE